Dear Commissioner Travis:
This office is in receipt of your opinion request wherein you ask if the practice of advancing funds to Louisiana litigants constitutes a "consumer loan" as defined in the Louisiana Consumer Credit Law. (LCCL), LSA-R.S. 9:3510 et seq. The Office of Financial (OFI) Institutions licenses and regulates entities that make "consumer loans". The LCCL defines a consumer loan as:
 ". a loan of money or its equivalent made by a supervised financial organization, a licensed lender, or a lender in which the debtor is a consumer, and the loan is entered into primarily for personal, family or household purposes and included debts created by the use of a lender credit card, revolving loan account, or similar arrangement, as well as insurance premium financing LSA-R.S. 9:3516
Future Settlement Funding Corp. (FSF), a Nevada corporation, is involved in pre-settlement financing. FSF is in the business of providing substance funds to litigants in order that injured individuals are able to pay bills and support families while pursuing a lawsuit. The funds advanced are made for "personal, family, or household purposes and are advanced only after FSF has made a determination that the litigant has a case of "clear liability, documented damages, and adequate insurance coverage". FSF agrees to advance funding in exchange for a lien on the litigant's case. Because repayment of the funds is contingent upon the plaintiff's receipt of money from the claim, FSF argues that the advance of funds is not a "loan".
There is scant Louisiana jurisprudence on this issue. In Elston,Prince McDade, Inc. v. First State Bank of Plain Dealing, 140 So. 510, (La.App. 2 Cir. 1932) the court distinguished between a loan and a deposit declaring that a loan is a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows.
More recently, the Colorado Supreme Court addressed the issue in the case of State, ex rel Ken Salazar v. The Cash Now Store, Inc., Docket No. 00SC489; decided 9/10/2001. The State of Colorado sued Cash Now Store, Inc. for making "loans" in violation of the Uniform Consumer Credit Code (UCCC). Cash Now entered into contracts with consumers under which it would advance a sum of money in return for an assignment of the individual's right to receive state or federal tax refunds. The refunds had been independently determined to be due, but not yet payable. Colorado argued that the terms of the contract were usurious and in violation of the UCCC. The Colorado Supreme Court ruled that the advancing of funds for consumer purposes constitutes a "loan" under the UCCC because they create a debt.
The Louisiana Civil Code provides that an obligation is a legal relationship created when the obligor (or debtor) is bound to render a performance to another, called the obligee (or creditor). (C.C. Art 1756) An obligation may be conditioned on an uncertain event. If the obligation may not be enforced until the uncertain event occurs it is suspensive. (C.C. Art 1767)
Applying the provisions of the Louisiana Civil Code to the question at hand, an obligation (or debt) is created when FSF contracts with the litigant for the advancement of funds. In exchange for the advance, the litigant is bound to assign priority rights of the anticipated recovery in favor of FSF. An obligation is created even though the obligation to repay the debt is suspended until the case is successfully resolved,
It is therefore our opinion that the advancement of funds to a litigant by FSF creates a reciprocal obligation, or a debt, on the part of the litigant. Because the litigant is bound to assign priority right to the proceeds of the litigation and the funds are repaid at the time the case is resolved, we conclude that the advancement of funds is a "loan" subject to the Louisiana Consumer Credit Law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ ISABEL WINGERTER ASSISTANT ATTORNEY GENERAL
IW:spa